UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**ORDER**
10-CR-219S

TONAWANDA COKE CORPORATION and
MARK L. KAMHOLZ,

Defendants.

Presently before this Court are the parties' competing submissions concerning the definitions of "land disposal" and "active management." (Docket Nos. 118, 124.) Neither term is specifically defined in the environmental statutes and regulations, which requires this Court to fashion its own definitions for use with the jury. Upon consideration of the parties' submissions, this Court will use the definitions set forth below.

**"Land Disposal"**

The Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6928(d)(2)(A), contains a conditional recycling exclusion for certain materials that are not considered solid wastes. See 20 C.F.R. § 261.4(a)(10). The condition that must be fulfilled for the exclusion to apply is that "there [be] no *land disposal* of the wastes from the point they are generated to the point they are recycled to coke ovens or tar recovery or refining processes, or mixed with coal tar." Id. (emphasis added). If there is no land disposal, the exclusion applies. If there is land disposal, the materials are regulated under RCRA.

Citing the preamble to this exclusion, see 57 Fed. Reg. 27880, 27884 (June 22, 1992), the government argues that the definition of "disposal" found in 42 U.S.C. § 6903(3)

adequately defines the concept of "land disposal" discussed in 20 C.F.R. § 261.4(a)(10). Section 6903(3) defines "disposal" as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." 42 U.S.C. § 6903(3). According to the government, this definition is consistent with the intent of the exclusion, which is to insure the absence of land placement and general safe handling of the excluded materials. 57 Fed. Reg. at 27884 (". . . by conditioning the exclusion of no land disposal occurring, the traditional RCRA objectives of absence of land placement of material and general safe handling will be assured. Thus any of these materials that are placed in land disposal units such as piles are solid and hazardous wastes, and the units are regulated units.)

Defendants' proposed definition is based on a narrower definition of "land disposal" found in 42 U.S.C. § 6924(k). Under that definition, "land disposal" includes, but is not limited to, "any placement of such hazardous waste in a landfill, surface impoundment, waste pile, injection well, land treatment facility, salt dome formation, salt bed formation, or underground mine or cave." Id. This definition, however, specifically applies to owners and operators of hazardous waste treatment, storage, and disposal facilities. See id. Tonawanda Coke Corporation does not fall into any one of those categories.

Having considered the parties' submissions, this Court finds that the government's proposed definition of "land disposal" most accurately represents the intent and scope of the exclusion set forth in 20 C.F.R. § 261.4(a)(10). Defendants' narrower definition does

not apply to Tonawanda Coke Corporation and may undermine the purpose of the condition upon which the exclusion is predicated.

The Court will therefore use the following definition of "land disposal":

> For purposes of the exclusion found in 20 C.F.R. § 261.4(a)(10), the term "land disposal" means the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters.

See 42 U.S.C. § 6903(3).

**"Active Management"**

"Active management" is a concept within the environmental regulation community used to determine whether RCRA hazardous waste regulations apply to the handling of certain materials. There is no use of "active management" as a statutory or regulatory standard, nor is there a clear definition of the term. Rather, it is a concept that appears to have developed and morphed since the hazardous waste regulations went into effect. In short, if certain materials were "actively managed" after November 19, 1980, they are subject to regulation. Thus, the import of "active management" is that it triggers RCRA regulation.

Both sides cite the Skinner Memorandum, which is an August 17, 1983 memorandum from John Skinner, EPA Director of Solid Waste, in which he describes the distinction between active and inactive storage and advises that the RCRA hazardous waste regulations would apply to an owner or operator of a facility engaged in "significant

management activities." The memorandum does not, however, define "significant management activities," which is presumably akin to "active management."

The closest thing to an agency definition of "active management" comes from the Federal Register, wherein it is stated that "EPA has interpreted 'active management' as physically disturbing accumulated wastes within a management unit or disposing of additional hazardous wastes in existing units containing previously disposed wastes." 57 FR 37194, 37298 (August 18, 1992).

This definition provides the clearest understanding of the term "active management." Consequently, based on this Court's review of the submissions, it will use the following definition of "active management" with the jury:

> "Active Management" means physically disturbing accumulated wastes within a management unit or disposing of additional hazardous wastes in existing units containing previously disposed wastes. In other words, it means taking some action to disturb or disrupt contained hazardous waste or adding hazardous waste to previously contained materials. If "active management" occurs after November 19, 1980, it is subject to regulation under RCRA.

SO ORDERED.

Dated: February 25, 2013
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court